**Affirmed and Opinion Filed July 3, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00887-CR

**TAMMY LYNN MOSES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-85161-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Following the denial of her motion to suppress, Tammy Lynn Moses pleaded guilty to driving while intoxicated and the trial court assessed punishment at 120 days in jail, probated for fifteen months, and a $300 fine. In three issues on appeal, she contends the trial court erred in denying her motion to suppress. We affirm.

At the suppression hearing, Wylie Police Officer Tyrone Johnson testified he was on patrol during the early hours of July 9, 2012. Just before 12:40 a.m., he received a dispatch based on a 911 call made by Bill Wash, a manager at the local Chili's. A recording of the call was admitted into evidence. During the 911 call, Wash conveyed his concern for the safety of a female patron who he believed had consumed "a couple drinks," and wanted to make sure she got home safely. Wash told the 911 operator that he called the woman a cab, but she left and was

now sitting in a silver vehicle in the rear parking lot of the restaurant. Wash stated he had "tried to help (the woman) out quite a bit." Wash identified himself and gave the 911 operator a number to contact him. He then reiterated that he believed the woman "had a few drinks before she came in." Wash also told the 911 operator that his bartender had only served the woman one drink, but she did not finish it.

Johnson did not hear the 911 call, but he did receive call notes from the 911 operator who dispatched him to Chili's. The call notes received by Johnson set out that a female had consumed "several drinks" and the reporting party was concerned about her driving. The call notes also relayed that the woman was in a silver car parked in the back of the restaurant. Further, the call notes stated that the reporting party believed the woman drank before coming into Chili's and that Chili's only served her one drink. The call notes differed from the 911 call in the respect that the notes stated the female had consumed "several drinks."

Johnson arrived at Chili's less than five minutes after he was dispatched. Upon his arrival, he went around to the back parking lot of the restaurant where he observed a silver vehicle occupied by a female driver. The vehicle, which was the only occupied car and the only silver car in the rear parking lot, was pulling out and about to enter the main road. Acting on the information given to him, Johnson pulled up next to the silver vehicle and ordered the woman to stop her car. Johnson proceeded to conduct a regular traffic stop, which then evolved into a driving while intoxicated investigation.

Wash also testified at the suppression hearing. He identified appellant as the same female customer that he had called police about during the early morning hours of July 9, 2012. Further, Wash identified appellant as the same woman who was occupying the silver vehicle in Chili's rear parking lot.

After hearing the evidence, the trial court made findings of fact and conclusions of law. The trial court concluded, among other things, that Johnson had reasonable suspicion to stop and detain the driver of the vehicle based upon the information he had received from the 911 operator and under the totality of the circumstances known to the officer at the time of the stop.

On appeal, appellant contends that Johnson did not have reasonable suspicion to stop her because the information provided to the officer did not set forth "the required specific articulable facts that the appellant had lost the normal use of her mental and physical faculties due to the introduction of alcohol into the body."

When reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the finding. *State v Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). We afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. 1997). We review de novo the trial court's application of the law. *Garcia-Cantu*, 253 S.W.3d at 241.

A law enforcement officer may stop and briefly detain a person for investigative purposes on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 22 (1968); *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010). To stop or briefly detain an individual, an officer must be able to articulate something more than an "inchoate and unparticularized suspicion or 'hunch.'" *Terry*, 392 U.S. at 21; *Foster*, 326 S.W.3d at 613. Specifically, the police officer must have some minimal level of objective justification for making the stop, that is, when the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry*, 392 U.S. at 21; *Foster*, 326 S.W.3d at 613. In making a reasonable suspicion determination, we disregard the subjective intent of the officer making the stop and consider solely, under the

totality of the circumstances, whether there was an objective basis for the stop. *See Ford v. State*, 158 S.W.3d 488, 492–93 (Tex. Crim. App. 2005).

A stop based on facts supplied by a citizen eyewitness, which are adequately corroborated by the arresting officer, does not run afoul of the Fourth Amendment. *Brother v. State*, 166 S.W.3d 255, 259 (Tex. Crim. App. 2005). Moreover, the detaining officer need not be personally aware of every fact that objectively supports a reasonable suspicion to detain; rather, "the cumulative information known to the cooperating officers at the time of the stop is to be considered in determining whether reasonable suspicion exists." *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). A 911 police dispatcher is ordinarily regarded as a "cooperating officer" for purposes of making this determination. *Id.* (citing *United States v. Fernandez–Castillo,* 324 F.3d 1114, 1118 (9th Cir. 2003) ("Although the dispatcher distilled and paraphrased [the] information" supporting reasonable suspicion, court considered it part of the collective knowledge of the police)).

Finally, information provided to police from a citizen-informant who identifies himself and may be held to account for the accuracy and veracity of his report may be regarded as reliable. *Derichsweiler*, 348 S.W.3d at 915. In such a scenario, the only question is whether the information that the known citizen-informant provides, viewed through the prism of the detaining officer's particular level of knowledge and experience, objectively supports a reasonable suspicion to believe that criminal activity is afoot. *Id.*

Here, the evidence shows Wash called 911 concerned about a customer. He believed she had been drinking and was concerned about her ability to drive home safely. He told the 911 operator that although he had called a cab for appellant, she was sitting in the rear parking lot in a silver vehicle. In the call, Wash identified himself and gave his phone number to the 911 operator.

–4–

Johnson arrived at Chili's rear parking lot less than five minutes after being dispatched. Once he arrived, he immediately noticed a silver car occupied by a female driver that was about to enter the main road. The car matched the description given to him in the call notes.

Although reasonable suspicion may have been supported by the information in the call notes alone, Johnson did not need to be personally aware of every fact amounting to that conclusion. *See id.* at 914. Also, it is not dispositive that the 911 operator paraphrased and reached an inference based on information reported to her in the call notes she sent to Johnson. The 911 operator is considered to be a "cooperating officer," and it is the cumulative information known to the cooperating officers at the time of the stop that is relevant in determining whether reasonable suspicion exists. *Id.* Considering the totality of the circumstances, we conclude it was rational for Johnson to possess reasonable suspicion that appellant may have been intoxicated. Consequently, the trial court did not err in denying appellant's motion to suppress. We overrule the first and third issues. Our disposition of these issues makes it unnecessary to address appellant's second issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
130887F.U05

/Molly Francis/

MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TAMMY LYNN MOSES, Appellant

No. 05-13-00887-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 3, Collin County, Texas
Trial Court Cause No. 003-85161-2012.
Opinion delivered by Justice Francis, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 3, 2014